IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **11300 ROSZELL HOLDINGS, LLC,** § § | |
| *Plaintiff*, § § § | **CIVIL ACTION NO. 5:20-cv-302** |
| v. § § | |
| **BLUE LOGIC CAPITAL, LLC,** § § | |
| *Defendants.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff 11300 Roszell Holdings, LLC ("Plaintiff") files this Original Complaint against Defendant Blue Logic Captial, LLC ("Defendant" or "Blue Logic"). In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
### PARTIES AND SERVICE

1.  Plaintiff 11300 Roszell Holdings, LLC is the owner of certain property located at 11300 Roszell St., San Antonio, TX 78217. Located at this property is a 130-unit multi-family residential apartment community known as Legacy Apartment Homes ("the Property"). Plaintiff is a limited liability company, registered under the laws of Texas. Plaintiff's principal place of business is located at 4127 Fossil Park, San Antonio, TX 78261-3014.

2.  Defendant Blue Logic is an Ohio limited liability company, who may be served through its registered agent Registered Agents, Inc., 6545 Market Ave., North Ste.

100, North Canton, OH 44721. Defendant's principal place of business is located at 5000 Arlington Center Blvd., Upper Arlington, OH 43220.

## II.
## SUBJECT MATTER JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this is a suit between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs.

## III.
## PERSONAL JURISDICTION

4. Exercise of jurisdiction over Defendant is reasonable and proper in this District under 18 U.S.C. § 1965(a)-(b) because it transacted its affairs in this judicial district, and because the ends of justice so require.

## IV.
## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. The execution of the purchase agreement for the Property (the "Agreement") that is the subject of this dispute occurred in this judicial district.

6. Venue is also proper in this Court pursuant to 28 U.S.C. § 1965(a)-(b) because Defendant transacted its affairs in this judicial district, and because the ends of justice so require.

## V.
## FACTUAL BACKGROUND

7. On or about July 25, 2019, Plaintiff 11300 Roszell Holdings, LLC and Defendant Blue Logic ("the Parties") executed a contract for the sale of real estate property located at 11300 Roszell St., San Antonio, TX 78217, upon which is located a 130-unit multi-family residential apartment community known as Legacy Apartment Homes (the "Real Estate Sale Agreement"). A true and correct copy of the executed Real Estate Sale Agreement is attached to this complaint as **Exhibit A**.

8. The Real Estate Sale Agreement had a Closing Date of September 23, 2019.

9. Pursuant Section 2.1 and "Exhibit C" of the of Real Estate Sale Agreement, Blue Logic delivered $100,000 in earnest money to a third-party, Mission Title.

10. Plaintiff, as the seller of the property, fulfilled all of its obligations under the Real Estate Sale Agreement, including the delivery of all conveyance documents and clear title on the Closing Date.

11. Defendant Blue Logic, as the buyer of the property, failed to provide purchase funds on the Closing Date.

12. On September 26, 2019, counsel for Blue Logic submitted a "notice of termination" letter as to the Real Estate Agreement to Mission Title and Plaintiff. In the letter, Blue Logic claims that Plaintiff did not provide marketable title on the Closing Date and that it is entitled to the $100,000 earnest money deposit. A true and correct copy of this letter is attached as **Exhibit B**.

13. However, pursuant to Section 9.3 of the Real Estate Sales Agreement, Blue Logic had the burden of providing written notice to Plaintiff of any claim that a Condition Precedent had not been satisfied. Blue Logic never provided any such written notice prior to the Closing Date. Further, as stated in Section 9.3.2, Plaintiff would have had five business days to satisfy the unsatisfied condition—with the potential for an additional ten-day extension if needed. *See* **Exh. A**. at 9.3. Blue Logic did not provide Plaintiff with these specific opportunities to cure.

14. Regardless, Plaintiff did in fact deliver marketable title to Blue Logic.

## VI.
## CAUSES OF ACTION

### BREACH OF CONTRACT

15. Plaintiff incorporates the preceding paragraphs as if set forth in their entirety.

16. Defendant Blue Logic entered into the Real Estate Sales Agreement, wherein it promised to provide the purchase price of $ 9,000,000 on the Closing Date. Plaintiff has performed all of its obligations under the Real Estate Sales Agreement and all conditions precedent.

17. Pursuant to the terms of the Real Estate Sales Agreement, Defendant Blue Logic provided $ 100,000 in earnest money deposit to Mission Title. As articulated in Section 2.1.2 and 7.1 of the Real Estate Sales Agreement, the earnest money represents liquidated damages in the event of a default by Blue Logic.

18. Blue Logic failed to purchase the property on the Closing Date, putting Blue Logic in default of the Real Estate Sales Agreement. Blue Logic's default is a material breach of the Real Estate Sales Agreement.

19. Blue Logic, however, has proactively prevented the release of those funds. *See e.g.* **Exh. B**. Plaintiff, on the other hand, has provided a written demand to both Blue Logic and Mission Title for the release of the earnest money deposition. A true and correct copy of this demand is attached as **Exhibit C**.

20. As a result of Blue Logic's breach of contract and its refusal to allow the release of the earnest money funds, Plaintiff has suffered damages.

21. Further, Plaintiff seeks recovery of its reasonable attorneys' fees and actual costs, as well as recovery of pre-judgment and post-judgment interest on its damages.

## DECLARATORY JUDGMENT

22. Plaintiff incorporates the preceding paragraphs as if set forth in their entirety.

23. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Plaintiff seeks a declaration of the parties' rights and duties under the Real Estate Sales Agreement as to the earnest money deposit.

24. More specifically, Plaintiff seeks a judgment of the Court declaring that Plaintiff has a right to the earnest money deposited by Blue Logic with Mission Title, pursuant to the terms of the Real Estate Sales Agreement. As stated above, Plaintiff performed all of its obligations under the Real Estate Sales Agreement and satisfied all

conditions precedent. Blue Logic, however, failed to tender the purchase price on the Closing Date and is in default of the agreement.

25. Despite Blue Logic's own default, it has prevented the release of the earnest money to Plaintiff. Simply, Blue Logic failed to perform its obligations under the agreement and is not entitled to reimbursement of the earnest money.

26. Plaintiff has suffered damages for Blue Logic's default. As stated in the Real Estate Sales Agreement, the earnest money deposit represents liquidated damages in the event of a default by Blue Logic. As such, Plaintiff is entitled to the full release and receipt of the $ 100,000 in earnest money.

## VII.
## ATTORNEYS' FEES

27. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth below.

28. Plaintiff requests the recovery of its attorneys' fees and costs pursuant to 28 U.S.C. § 2202 and Tex. Civ. Prac. & Rem. Code §§ 37.009 and 38.001.

## VIII.
## PRAYER

Based on the foregoing, Plaintiff 11300 Roszell Holdings, LLC asks for a judgment against Defendant Blue Logic Capital, LLC (1) for breach of contract, and (2) declaring that Plaintiff is entitled to the release and recovery of the $100,000 earnest money deposit currently being held by third-party, Mission Title. Plaintiff also prays for the recovery of reasonable attorneys' fees and costs of court, and all other relief the Court deems appropriate.

Respectfully submitted,

**MAYER LLP**

750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 379-6900 (telephone)
(214) 379-6939 (facsimile)

By: */s/ Aaron M. Speer*
    Aaron M. Speer
    Texas State Bar No. 24051365
    aspeer@mayerllp.com

**ATTORNEY FOR PLAINTIFF**