UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**11300 ROSZELL HOLDINGS, LLC,**

       **Plaintiff,**

**v.**                                                    Case No. 5:20-CV-0302-JKP

**BLUE LOGIC CAPITAL, LLC,**

       **Defendant.**

## ORDER

Plaintiff commenced this action on March 12, 2020, alleging diversity jurisdiction under 28 U.S.C. § 1332. *See* Pl.'s Orig. Compl. (ECF No. 1). Based on the jurisdictional allegations therein, it is apparent that Plaintiff has not properly alleged the citizenship of either party.

Plaintiff alleges that it "is a limited liability company, registered under the laws of Texas. Plaintiff's principal place of business is located at 4127 Fossil Park, San Antonio, TX 78261-3014." *Id*. ¶ 1. It alleges that Defendant "is an Ohio limited liability company" and "Defendant's principal place of business is located at 5000 Arlington Center Blvd., Upper Arlington, OH 43220." *Id*. ¶ 2.

Plaintiff's jurisdictional facts are insufficient to establish diversity jurisdiction under § 1332. "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). Similarly, in *Harvey*, the Fifth Circuit concluded that "like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Id.* at 1080. For purposes of diversity jurisdiction, the citizenship of the parties in this case is not determined by their principle place of business or under which state's law they are organized.

The Fifth Circuit has long held that, under Fed. R. Civ. P. 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Rule 12(h)(3) provides in full: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Given the jurisdictional requirements of § 1332, the Court's responsibility for determining the existence of subject matter jurisdiction, and the express direction of Rule 12(h)(3), the Court directs Plaintiff to cure the noted deficiencies in its jurisdictional facts by filing an Amended Complaint **on or before April 20, 2020**.

**SIGNED this 23rd day of March 2020.**

_____
**JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE**